MILTON F. GONZALEZ, Esq.
449 LEAVESLEY ROAD
SUITE G
GILROY, CA 95020
TEL: (408) 848-2208
FAX: (408) 847-8229

Attorney for Defendant
CEFERINO ORTIZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO.: CR-07-00524-JW |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| v. | ) | Date: 06-02-'08 |
| | ) | Time: 1:30 p.m. |
| CEFERINO ORTIZ, | ) | Dept.: 8 |
| | ) | |
| Defendant. | ) | |

    To the Honorable James Ware, Chief Judge of the United States District Court, and the Office of the United States Attorney, and the United States Probation Office. The defendant, Ceferino Ortiz, presents the following memorandum regarding sentencing in this matter.

///

# ARGUMENT

## I. Defendant Respectfully Submits That in Light of the Decision by the United States Supreme Court in *United States v. Booker and United States v. FanFan*, 125 S. Ct. 738; 160 L. Ed.2d 621 (January 12, 2005), the Trial Court is Not Required to Impose a Sentence That Has Been Set Forth in the Federal Sentencing Guidelines.

The applicable statute in this matter requires that the defendant serve a minimum term of ten years in prison. According to the report the guideline range of imprisonment is between 10 years and one month and 12 years and seven months. However it is clear from the United States Supreme Court's ruling in the case of *United States v. Booker and United States v. FanFan,* 125 S. Ct. 738; 160 L. Ed.2d 621 (January 12, 2005), that the trial court is not required to impose a sentence that has been set forth in the Federal Sentencing Guidelines.

The court made this clear when it stated the following:

> We answer the question of remedy by finding the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 USC § 3553(b)(1) (Supp. 2004) [18 USCS § 3553(b)(1)], incompatible with today's constitutional holding. We conclude that this provision must be severed and excised, as must one other statutory section, § 3742(e) (main ed. and Supp. 2004), which depends upon the Guidelines' mandatory nature. So modified, the Federal Sentencing Act, see Sentencing Reform Act of 1984, as amended, 18 USC § 3551 *et seq.,* [18 USCS § § 3551 *et seq.*], 28 USC § 991 *et seq. [28 USCS § § 991et seq.*], makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges, see 18 USC § 3553(a)(4) (Supp. 2004) [18 USCS § 3553(a)(4)], but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp. 2004). (*United States v. Booker and United States v. FanFan,* 125 S. Ct. 738, 757; 160 L. Ed.2d 621 (January 12, 2005)

The trial court therefore has the discretion to give consideration to the Guideline ranges. However, it is under no obligation legal or otherwise to follow the Guideline ranges when it imposes sentence in a matter. It has the discretion to take into account other factors and may on the basis of those other considerations impose a sentence below the Guideline range. It is the position of the defense that there exist enough factors to merit the imposition of a sentence which is below the applicable Guideline ranges as stated in the Pre Sentence Investigation Report.

The facts regarding the incident or incidents for which the defendant was arrested in this matter are outlined in the Pre Sentence Investigation Report. The report makes it clear that the defendant's participation in this matter was at the instigation of Mr. Saez and the undercover agent. He did not initiate any of the contacts with the undercover officer. His involvement started only when he was contacted by Mr. Saez. He was therefore not the organizer of the events that took place. These arrangements were made at the behest of Mr. Saez.

The report also makes note of the fact that the defendant's plea of guilty was entered in a timely manner. He was also clear on the fact that his participation in the conspiracy was voluntary due to the desperate financial situation that he was in at the time. At the time of the incident, the defendant was out of work and he was personally responsible for two mortgages. The report does then give the defendant credit for accepting responsibility for his part in the offense.

The defendant has also been cooperative with the authorities. He has as is noted in the report provided truthful and complete information to the government in a timely manner. His early plea of guilty has also saved the both the prosecution and the court from having to make use of their time and resources in order to prosecute and try this matter.

## **CONCLUSION**

For the reasons herein stated, the court has good cause to sentence the defendant to a term of imprisonment that is below the range recommended Federal Sentencing Guidelines as stated in the Pre Sentence Investigation Report.

Respectfully submitted,

Dated: 6/1/08                            _____/s/_____
                                                        MILTON F. GONZALEZ, Esq.
                                                        Attorney for Defendant

Case Name: UNITED STATES vs. ORTIZ, et al.

Case No. :  CR-07-00524 JW

**PROOF OF SERVICE - CCP 1013a, 2015.5**

I declare as follows:

    I am over the age of 18 years, and not a party to this action. My business address is 449 Leavesley Road, Suite G, Gilroy, California, County of Santa Clara.

On May 29, 2008, I served the **DEFENDANT (CEFERINO ORTIZ'S) SENTENCING MEMORANDUM** as follows:

**THOMAS M. O'CONNELL, Esq.**
**ASSISTANT UNITED STATES ATTORNEY**
150 ALMADEN BOULEVARD
SUITE 900
SAN JOSE, CA 95113
FAX: (408) 535-5066

**BRIAN D. CASAI**
**UNITED STATES PROBATION OFFICER**
1301 CLAY STREET
SUITE 220 SOUTH
OAKLAND, CA 94612-5206
FAX: (510) 637-3625

**[ x ] (BY MAIL)** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business

**[ x ] (BY FAX MACHINE)** I caused the said document to be transmitted by facsimile machine to the number indicated after the addressee(s) noted above; that the facsimile machine provided confirmation that the facsimile has been sent correctly.

**[ x ] (BY ELECTRONIC FILING)** I caused to be filed by the Electronic Filing Service each such envelope to be delivered hand to the addressee(s) noted above.

    I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct and that this declaration was executed on May 29, 2008, at Gilroy, California.

                                                      _____/s/_____
                                                      Robert C. Landry, Legal Assistant